# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

IRVIN VAN BUREN,

         Plaintiff,

    v.

S. GEE, et al.,

         Defendants.

Case No.  22-cv-01563-BLF

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Irvin Van Buren argues that his term of imprisonment violated his constitutional rights.  Now before the Court is Defendants' motion to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 41 ("MTD"); *see also* ECF No. 50 ("Reply").  Plaintiff opposes the motion.  ECF No. 49 ("Opp.").  For the following reasons, Defendants' motion to dismiss the Second Amended Complaint is GRANTED.

## I.    BACKGROUND

On September 19, 2022, Plaintiff filed the operative Second Amended Complaint.  ECF No. 37 ("SAC").  As alleged in the SAC, Plaintiff was arrested on April 16, 1991.  SAC at 6.  He was later charged with first degree murder and conspiracy to commit first degree murder; second degree murder; conspiracy to commit theft and forgery of access cards; and conspiracy to commit arson.  *Id.* at 7.  There was a trial, and, in June 1993, the jury returned a verdict of not guilty of first degree murder and guilty of the remaining charges.  *Id.*  The trial court sentenced Plaintiff in July 1993, including a sentence of 15 years to life for second degree murder, which the court stated he was liable for under the natural and probable consequences doctrine.  *Id.* at 7-8.  In September 1993, Plaintiff was transferred from San Francisco County Jail to the custody of the California Department of Corrections ("CDCR").  *Id.* at 8.

United States District Court
Northern District of California

United States District Court
Northern District of California

In 2014, the California Supreme Court held that "a defendant cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine." *People v. Chiu*, 59 Cal. 4th 155, 167 (2014).  California then enacted Senate Bill 1437 ("S.B. 1437"), effective January 1, 2019, "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." *People v. Lewis*, 11 Cal. 5th 952, 959 (2021).  SB 1437 added a provision to the California Penal Code that "provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." *Id.*; *see also* Cal. Penal Code § 1172.6 (codification).

In June 2020, Plaintiff was being held in Administrative Segregation in Salinas Valley State Prison.  SAC at 8.  On June 18, 2020, he had a meeting with his Correctional Counselor, Defendant Gee, and the Institutional Classification Committee ("ICC") Chairperson, Defendant Atchley.  *Id.*  He alleges that prior to the meeting, he told Defendant Gee that he was being "falsely imprisoned" based on S.B. 1437.  *Id.* at 9.  She allegedly stated that it was his problem and that she "wouldn't help [him] if [she] could" because he fought with CDCR officers.  *Id.*  At the ICC hearing, Plaintiff informed Defendant Atchley that he was being falsely imprisoned under S.B. 1437, and he told Plaintiff to inform his correctional counselor and have the counselor present the issue to the ICC board, and that the current hearing was about other issues.  *Id.* at 10. On July 6, 2020, Plaintiff filed an Emergency CDCR 602 Appeal/Grievance alleging "false imprisonment" and adverse action towards Plaintiff based on Defendant Gee recommending during the ICC hearing that he be transferred to Tehachapi State Prison.  *Id.*  On July 17, 2020, Defendant Lemon answered and denied Plaintiff's appeal at the "first and second level of appeals." *Id.*  Plaintiff then filed his appeal at the "third level," but he did not receive a response. *Id.*

Plaintiff also worked with jailhouse attorneys to help him file a petition under S.B. 1437. SAC at 10.  On November 11, 2020, the Superior Court for the City and County of San Francisco vacated Plaintiff's prison term of 15 years to life.  *Id.*  On November 19, 2020, Plaintiff was

2

released from prison.  *Id.*

Plaintiff brings suit under 42 U.S.C. § 1983, alleging that Defendants violated his fifth and fourteenth amendment due process rights and his eighth amendment right to be free from cruel and unusual punishment when they "confined and imprisoned Plaintiff for nearly 30 years under a statute that was [sic] invalid and unconstitutional at the time of Plaintiff's conviction."  SAC at 3. He further alleges that his Fourteenth Amendment due process rights were violated because he was charged and sentenced under the natural and probable consequences doctrine, which he alleges did not give Plaintiff meaning of the criminal offense, did not define the elements of the offense, and did not give Plaintiff notice of the punishment associated with the offense.  *Id.* at 4. The Defendants are current or former employees of the California Department of Corrections ("CDCR"), as well as the former California Attorney General, who Plaintiff sues in their individual and/or official capacities as follows:

| Name | Role | Time Period | Individual Capacity | Official Capacity |
|------|------|-------------|---------------------|-------------------|
| S. Gee | Correctional Counselor (CDCR) | Current | X | X |
| M. Atchley | ICC Chairperson (CDCR) | Current | X | X |
| T. Allen | Acting Warden of Salinas Valley State Prison (CDCR) | Current | X | X |
| K. Allison | Director (CDCR) | Current | X | X |
| T. Lemon | Warden of Salinas Valley State Prison (CDCR) | Current | X | |
| John Doe | Director (CDCR) | 1993 | X | |
| D. Lundgren | California Attorney General | 1993 | X | |
| John Doe | Warden of Folsom State Prison (CDCR) | 1993 | X | |

*Id.* at 2-5.  Plaintiff alleges that he sustained mental and physical injury from his "false imprisonment" and that he suffers from anxiety and PTSD from the injuries inflicted upon him by CDCR officials.  *Id.* at 12.  Plaintiff seeks $20 million in "compensatory and punitive damages" for the "loss of life, liberty and the pursuit of everyday happiness [he] endured."  *Id.*  And he seeks an additional $10 million in "punitive damages" for his false imprisonment as well as Defendants' "refusing to correct the continuing injury Plaintiff suffered when prison officials knew or should

United States District Court
Northern District of California

3

have known the Plaintiff was falsely imprisoned, but refused to free the Plaintiff." *Id.*

Defendants Allison, Atchley, Lemon, Gee, and Allen filed the instant motion to dismiss. *See* MTD.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

## III.   ANALYSIS

Defendants assert that the SAC should be dismissed because (1) Defendants are CDCR officials, and CDCR did not have the authority to resentence or release Plaintiff under S.B. 1437; (2) several of the defendants were in their applicable roles in 1993, decades before S.B. 1437 became effective in 2019; and (3) Plaintiff's official-capacity claims are barred by Eleventh Amendment sovereign immunity.  MTD at 4-6.  Defendants also argue that claims against certain defendants in their individual capacities fail to meet pleading standards.  *Id.* at 6-8.

United States District Court
Northern District of California

A.    **Official Capacity Claims**

Plaintiff brings claims against Defendants Gee, Atchley, Allen, and Allison in their official capacities.  *See* SAC.  Defendants argue that these claims must be dismissed under the Eleventh Amendment.  MTD at 5-6.

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex. rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (quoting *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999)).  "Eleventh Amendment immunity also shields state officials from official capacity suits." *Id.* (citing *Cent. Rsrv. Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1160-61 (9th Cir. 1988)).  "A narrow exception exists 'where the relief sought is prospective in nature and is based on an ongoing violations of the plaintiff's *federal* constitutional or statutory rights.'" *Id.* at 967-68 (quoting *Struve*, 852 F.2d at 1161) (emphasis in original).

Plaintiff's claims against Defendants Gee, Atchley, Allen, and Allison are state officials, and the Eleventh Amendment shields them from suit in their official capacities.  Because Plaintiff has been released from custody and seeks only damages, the exception for prospective relief based on ongoing violations does not apply.  Plaintiff has already been released, and thus cannot fix this deficiency and plead a valid claim against these Defendants in their official capacities.  The motion to dismiss the claims against Defendants Gee, Atchley, Allen, and Allison in their official capacities is thus GRANTED WITHOUT LEAVE TO AMEND.

B.    **Individual Capacity Claims**

1.  **1993 Defendants**

Plaintiff has brought suit against the 1993 Warden of Folsom Prison and the 1993 CDCR Director as "John Doe" defendants as well as Dan Lundgren, the California Attorney General in 1993 (collectively, the "1993 Defendants").  *See* SAC.  Plaintiff alleges that the 1993 CDCR Director and 1993 Warden of Folsom Prison held him in custody under an unconstitutional statute. *Id.* at 8.  He also alleges that Defendant Lundgren "fought against Plaintiff's [sic] freedom, denied releasing Plaintiff and continued to hold Plaintiff in prison in violation of Plaintiff's 14[th] Amendment due process" rights.  *Id.*

United States District Court
Northern District of California

1    Defendants argue that Plaintiff could not have been unlawfully detained by a 2019 law at

2    the time of his sentencing in 1993.  MTD at 5.  And Defendants are correct.  It was not until S.B.

3    1437 became effective in 2019 that California law as to the natural and probable consequences

4    doctrine changed.  *See* S.B. 1437.  The 1993 Defendants could not have violated Plaintiff's

5    constitutional rights by prosecuting him and holding him in custody pursuant to the natural and

6    probable consequences doctrine in 1993.  Plaintiff cannot correct this deficiency to bring a valid

7    claim against these Defendants.  The motion to dismiss the claims against the 1993 Defendants in

8    their individual capacities is thus GRANTED WITHOUT LEAVE TO AMEND.

9    2.  **Recent CDCR Defendants**

10   The remaining Defendants are Allison, Atchley, Lemon, Gee, and Allen (collectively,

11   "Recent CDCR Defendants").  Plaintiff argues that the Recent CDCR Defendants violated his

12   constitutional rights to due process and to be free from cruel and unusual punishment by

13   continuing to hold him in custody after the passage of S.B. 1437.  *See generally* SAC.

14   Defendants argue that these claims are invalid because S.B. 1437 did not give CDCR

15   officials the authority or power to resentence or release Plaintiff, but instead required Plaintiff to

16   petition the state court.  MTD at 4.  Defendants also assert that the claim against Defendant Lemon

17   should be dismissed because his only alleged involvement was his signature on the denial of

18   appeal, which courts have held is insufficient to state a claim under Section 1983.  *Id.* at 7-8.

19   Defendants also argue that Plaintiff has not stated a claim of supervisory liability as to Defendants

20   Allen and Allison.  *Id.* at 7.

21   Plaintiff argues that Cal. Penal Code § 1170(d)(1) allows CDCR officials to recommend to

22   a court that it resentence a prisoner.  Opp. at 8.  He argues that the Recent CDCR Defendants were

23   indifferent to his welfare by doing "nothing to facilitate Plaintiff's resentencing and release from

24   prison."  *Id.* at 9.  Defendants point to the language of S.B. 1437 in countering that sentencing

25   courts do not rely on recommendations from CDCR in deciding petitions brought under that

26   statute.  Reply at 3.  Defendants also argue that Plaintiff's Opposition does not provide any

27   allegations as to the direct involvement of Defendants Allen or Allison or address the fact that the

28   only allegation as to Defendant Lemon is the signature on appeal.  *Id.* at 3-4.

6

United States District Court
Northern District of California

1    The Ninth Circuit has recognized that wrongful imprisonment can support a Section 1983

2    claim, stating that "officers of a state's department of corrections who imprison a person do so

3    under color of law" and that imprisonment can violate a prisoner's rights under the Fourteenth

4    Amendment if the prisoner does not receive due process of law or a prisoner's rights under the

5    Eight Amendment if the officials who detain the person act with deliberate indifference to the

6    prisoner's liberty interest.  *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011) (citing *Haygood v.*

7    *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)).  In *Stein*, the plaintiff "assert[ed] a constitutional

8    right not to be incarcerated pursuant to a sentencing order if that order is later determined to be

9    invalid," and the Ninth Circuit held that the plaintiff "did not have a constitutional right to be

10   released prior to the time his sentence was vacated."  *Id.* at 1119.  The court elaborated that

11   "prison officials have a duty to enforce a sentencing order until the order is vacated or the prisoner

12   otherwise becomes eligible for release" and to decide otherwise "would be to impose on them the

13   judicial responsibility of reviewing the legality of a sentencing order."  *Id.* at 1120; *see also Alston*

14   *v. Read*, 663 F.3d 1094, 1099-1100 (9th Cir. 2011) ("[Defendants] were entitled to rely on the

15   state statute and the original judgment received from the court in their sentencing calculations . . .

16   .").  The situation here is similar.  S.B. 1437 allows a person convicted of murder to *petition a*

17   *court* to be resentenced.  The Recent CDCR Defendants were entitled to rely on the 1993

18   sentencing order until it was vacated by a later court order, and they "did not violate [Plaintiff's]

19   constitutional rights by holding him in prison while the sentencing order remained in force."  *See*

20   *Stein*, 662 F.3d at 1120.

21   Plaintiff's claims as to certain individual defendants fail for other reasons.  The claims

22   against Defendants Allen and Allison, the Acting Warden of Salinas Valley State Prison and

23   CDCR Director, respectively, must be dismissed because Plaintiff "failed to allege [their] personal

24   involvement with any constitutional violation."  *Shallowhorn v. Molina*, 572 F. App'x 545, 546

25   (9th Cir. 2014) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Further,

26   Plaintiff's claim against Defendant Lemon, to the extent it is based on signing the document

27   denying his first and second level appeal, must be dismissed because the Ninth Circuit has held

28   that "[b]ecause 'inmates lack a separate constitutional entitlement to a specific grievance

7

1    procedure,' . . . defendants cannot be held liable under § 1983 for denying [plaintiff's] appeal."

2    *Shallowhorn*, 572 F. App'x at 547 (quoting *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.

3    2003)).

4         Finally, the Court will address Plaintiff's arguments in his Opposition as to deliberate

5    indifference in violation of the Eighth Amendment.  *See* Opp. at 8-9.  As stated above, Plaintiff

6    argues that Defendants showed deliberate indifference to his liberty interests by failing to

7    "facilitate [his] resentencing and release from prison."  *Id.* at 9.  He states that CDCR officials

8    could have recommended he be resentenced under Cal. Penal Code § 1170(d)(1).  *Id.* at 8-9.  He

9    also points out that he mentioned this statute in his CDCR appeal that went unanswered.  *Id.* at 9.

10   Cal. Penal Code § 1170(d)(1) does not include the language Plaintiff references, but he may be

11   referring to Cal. Penal Code § 1172.1, which allows a court to resentence a defendant in various

12   situations, including "at any time upon the recommendation to the secretary or the Board of Parole

13   Hearings in the case of a defendant incarcerated in state prison."  Cal. Penal Code § 1172.1(a)(1).

14   But Plaintiff points to no case that suggests that failure to make such a recommendation

15   constitutes deliberate indifference in violation of his Eighth Amendment rights.  Further, as noted

16   by Defendants, the statute under which Plaintiff's sentence was vacated does not include any

17   language suggesting a role for the involvement of prison officials.  *See* Cal. Penal Code § 1172.6.

18   While it is possible that the CDCR officials could have provided more assistance to Plaintiff in his

19   efforts to petition the superior court under S.B. 1437, Plaintiff has not shown their actions

20   constituted deliberate indifference.

21         For the reasons stated, Plaintiff has failed to state a claim against any of the Recent CDCR

22   Defendants.  In light of the fact that Plaintiff has already twice amended his complaint, and the

23   fact that the deficiencies identified by the Court here could not be cured, the Court will not grant

24   leave to amend.  Plaintiff's motion to dismiss the claims against the Recent CDCR Defendants in

25   their individual capacities is GRANTED WITHOUT LEAVE TO AMEND.

26         //

27         //

28         //

United States District Court
Northern District of California

8

**IV.     ORDER**

The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

Dated:  January 5, 2023

_____
BETH LABSON FREEMAN
United States District Judge