United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IRVIN VAN BUREN,

Plaintiff,

v.

S. GEE, et al.,

Defendants.

Case No. 22-cv-01563-BLF

**ORDER DENYING MOTION TO ALTER, AMEND, OR SET ASIDE JUDGMENT**

[Re: ECF No. 58]

Plaintiff Irvin Van Buren filed a lawsuit, arguing that his term of imprisonment violated his constitutional rights. The Court previously dismissed the Second Amendment Complaint without leave to amend. ECF No. 55. Plaintiff then filed a motion, which the Court construed as a motion to alter or amend Judgment under Federal Rule of Civil Procedure 59 or to set aside Judgment under Federal Rule of Civil Procedure 60. ECF No. 60.

Now before the Court is Plaintiff's motion to alter or amend Judgment or to set aside Judgment. ECF No. 58 ("Mot."); *see also* ECF No. 62 ("Reply"). Defendants oppose the motion. ECF No. 61 ("Opp."). The Court determines that the motion is suitable for submission without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, Plaintiff's motion to alter or amend Judgment or set aside Judgment is DENIED.

## I. BACKGROUND

On September 19, 2022, Plaintiff filed a Second Amended Complaint. ECF No. 37 ("SAC"). He brought suit under 42 U.S.C. § 1983, alleging that Defendants violated his Fifth and Fourteenth Amendment due process rights and his Eighth Amendment right to be free from cruel and unusual punishment when they "confined and imprisoned Plaintiff for nearly 30 years under a statute that was invalid and unconstitutional at the time of Plaintiff's conviction." SAC at 3. He

further alleged that his Fourteenth Amendment due process rights were violated because he was charged and sentenced under the natural and probable consequences doctrine, which he alleged did not give Plaintiff meaning of the criminal offense, did not define the elements of the offense, and did not give Plaintiff notice of the punishment associated with the offense. *Id.* at 4. The Defendants were current or former employees of the California Department of Corrections ("CDCR"), as well as the former California Attorney General, who Plaintiff sued in their individual and/or official capacities. *Id.* at 2-5. Plaintiff alleged that he sustained mental and physical injury from his "false imprisonment" and that he suffered from anxiety and PTSD from the injuries inflicted upon him by CDCR officials. *Id.* at 12. Plaintiff sought $20 million in "compensatory and punitive damages" for the "loss of life, liberty and the pursuit of everyday happiness [he] endured." *Id.* And he sought an additional $10 million in "punitive damages" for his false imprisonment as well as Defendants' "refusing to correct the continuing injury Plaintiff suffered when prison officials knew or should have known the Plaintiff was falsely imprisoned, but refused to free the Plaintiff." *Id.*

Defendants Allison, Atchley, Lemon, Gee, and Allen filed a motion to dismiss. ECF No. 41. On January 5, 2023, the Court granted the motion to dismiss without leave to amend. *Van Buren v. Gee*, No. 22-cv-01563-BLF, 2023 WL 114227 (N.D. Cal. Jan. 5, 2023). The Court entered Judgment on January 5, 2023. ECF No. 56.

On January 23, 2023, Plaintiff Van Buren filed a motion seeking reconsideration of the Court's order on the motion to dismiss, requesting to amend the complaint, and requesting the Court to appoint counsel. *See* Mot. The Court issued an order stating that because Judgment has been entered, it would construe Plaintiff's motion as a motion to alter or amend Judgment under Federal Rule of Civil Procedure 59 or to set aside Judgment under Federal Rule of Civil Procedure 60. ECF No. 60.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants filed a Request for Judicial Notice in support of their Opposition to Plaintiff's motion. ECF No. 61-1 ("RJN"). Defendants seek judicial notice of five exhibits, all of which are documents from the state court proceedings involving Plaintiff. RJN at 1-2. They are: (1) the

1993 verdict; (2) a pre-hearing brief; (3) a motion for speedy trial; (4) an abstract of judgment; and (5) jury findings. *See id.* Plaintiff does not oppose the request.

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). A court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b). The Court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citations omitted); *see also, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (taking judicial notice of a judgment).

Defendants request judicial notice of documents from Plaintiff's state court proceedings, which are properly subject to judicial notice. *See* RJN. The Court GRANTS Defendant's Request for Judicial Notice.

## III. REQUEST FOR APPOINTED COUNSEL

Plaintiff requests that the Court appoint him counsel. Mot. at 4. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). "Motions for appointment of counsel under section 1915 are addressed to the sound discretion of the trial court and are granted only in exceptional circumstances." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn*, 789 F.2d at 1331).

Plaintiff argues that the Court should appoint counsel because he "is indigent and temporary [sic] homeless and without steady funds and can't afford an attorney to represent him."

Mot. at 4. He goes on to state that the issues are "too complex for Plaintiff." *Id.* The Court determines that Plaintiff has "demonstrated sufficient writing ability and legal knowledge to articulate his claim," as evidenced by his briefing before this Court. *See Terrell*, 935 F.2d at 1017. Further, the Court agrees with Defendants that the facts and issues in this case are not particularly complex. *See* Opp. at 4-5. And the Court further finds that Plaintiff is not likely to succeed on the merits, for the reasons explained in the Order on the motion to dismiss and below. The Court therefore DENIES Plaintiff's request for appointment of counsel.

## IV. MOTION TO ALTER, AMEND, OR SET ASIDE JUDGMENT

### A. Legal Standard

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). "[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has identified "four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th

Cir. 2000) (internal quotation marks and citation omitted). Rule 59(e) relief "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *See Kona*, 229 F.3d at 890 (emphasis in original).

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *Beckway v. DeShong*, No. C07-5072 TEH, 2012 WL 1355744, at *2 (N.D. Cal. Apr. 18, 2012).

**B. Analysis**

Plaintiff seeks relief from the Court's Order that granted the motion to dismiss without leave to amend, and he argues that the Court should grant him leave to amend the Complaint. Mot. at 2-3. He files a proposed Third Amended Complaint with his motion. *See* ECF No. 59. Plaintiff seeks to add claims against new defendants asserting that the sentencing court, his court appointed counsel for resentencing, and the city attorney reconstrued and reclassified his habeas petition into a petition for resentencing under California Penal Code 1170.95 without his consent. *See id.*

**1. Factual Discrepancies**

Plaintiff argues that there are several factual discrepancies in the Court's Order on the motion to dismiss. *See* Mot. at 3. A Rule 59(e) motion may be granted if "necessary to correct manifest errors of . . . fact upon which the judgment rests." *Allstate Ins. Co.*, 634 F.3d at 1111. Here, Plaintiff asserts that the Court incorrectly stated that: (1) Plaintiff was found not guilty of

United States District Court
Northern District of California

first degree murder and (2) Plaintiff filed a petition under S.B. 1437. Mot. at 3.

In deciding a motion to dismiss, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). The Court stated in its Order that "in June 1993, the jury returned a verdict of not guilty of first degree murder." *Van Buren*, 2023 WL 114227, at *1. In the SAC, Plaintiff stated: "On June 30, 1993, Plaintiff was found not Guilty and was Acquitted of First Degree Murder as was Charged in Count 1 of the Indictment." SAC at 7, ¶ 5.[1] The Court stated in its Order that "Plaintiff also worked with jailhouse attorneys to help him file a petition under S.B. 1437." *Van Buren*, 2023 WL 114227, at *2. In the SAC, Plaintiff stated: "From the time period of January 2020 through to October 2020 Plaintiff had to seek out jailhouse Lawyers to help him to file and litigate his petition through to the courts pertaining to Senate Bill 1437." SAC at 10, ¶ 24. Because Plaintiff stated these facts in his SAC, the Court accepted them as true for purposes of the motion to dismiss, as required by law. Plaintiff cannot now claim that the Court made manifest errors of fact by restating the facts in the SAC. Further, the Court's judgment in no way rested upon these facts. Plaintiff has not shown that the Court should set aside the judgment on this basis.

Plaintiff also notes that the Court incorrectly stated in its Order: "Plaintiff's motion to dismiss the claims against the Recent CDCR Defendants in their individual capacities is GRANTED WITHOUT LEAVE TO AMEND." Reply at 8 (citing *Van Buren*, 2023 WL 114227, at *5). Plaintiff is correct that Defendants brought the motion to dismiss, and the Court's Order should have stated "Defendants' motion to dismiss the claims against the Recent CDCR Defendants in their individual capacities is GRANTED WITHOUT LEAVE TO AMEND." While this typo is regrettable, it in no way affected the outcome of the motion to dismiss, and it is not grounds for granting a Rule 59(e) motion.

[1] The Court further notes that the Verdict Form from the 1993 Superior Court proceeding, of which it has taken judicial notice, indicates that Plaintiff was found not guilty of first-degree murder. *See* RJN, Ex. A.

United States District Court
Northern District of California

**2. Other Arguments**

Again, a Rule 59(e) motion may be granted "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111. And a Rule 60(b) motion may be granted "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller*, 950 F.2d at 1442. Plaintiff has not shown that any of these circumstances apply here.

Plaintiff expressly admits that the events and facts providing the basis for the new claims in his proposed Third Amended Complaint "occurred before the original filing of Plaintiff['s] Section 1983 complaint." Reply at 6. There is not newly discovered or previously unavailable evidence that would justify granting the motion under Rule 59 or Rule 60. Similarly, Plaintiff has not shown any errors of law upon which the Court's earlier decision rests. He does take issue with the Court's statement in the Order on the motion to dismiss: "In light of the fact that Plaintiff has already twice amended his complaint, and the fact that the deficiencies identified by the Court here could not be cured, the Court will not grant leave to amend." Reply at 8; *see Van Buren*, 2023 WL 114227, at *5. He argues that this statement "implies that the ruling was not based on the merit[s] of the case but instead based only on the deficiencies identified by the Court." *Id.* But the Court's decision was made on the merits, and Plaintiff has identified no error of law.

Plaintiff asserts that granting his motion is necessary "in the interest of justice and to avoid an egregious miscarriage of justice." Reply at 2. But Plaintiff has not shown why that is the case. As noted above, Plaintiff had several opportunities to amend his complaint. He has not shown "excusable neglect" for why he did not bring the claim earlier in the case. "[A] motion for reconsideration under Rules 59(e) and 60(b) is an improper vehicle for bringing claims not previously raised." *Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012) (collecting cases); *see also Sepehry-Fard v. Countrywide Home Loans*,

*Inc.*, No. 13-cv-05769-BLF, 2014 WL 3821544, at *2 (N.D. Cal. Aug. 4, 2014). Plaintiff has not shown manifest injustice, exceptional circumstances, or excusable neglect.

* * * * *

Plaintiff has provided no basis on which to grant a Rule 59(e) or 60(b) motion. The Court therefore DENIES Plaintiff's motion.

## V. ORDER

Plaintiff's motion to alter or amend Judgment or to set aside Judgment is DENIED.

Dated: March 23, 2023

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California